```
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

JOHNNIE JACKSON,

                    Plaintiff,            16-CV-33 (MAT)
        -v-                               DECISION AND ORDER

NANCY A. BERRYHILL,
Acting Commissioner OF Social Security¹,

                    Defendant.
_____
```

## INTRODUCTION

Johnnie Jackson ("Plaintiff"), represented by counsel, brings this action under Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant"), denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. §§ 405(g), 1383(c). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is denied and Defendant's motion is granted.

---

¹ Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

**PROCEDURAL BACKGROUND**

On August 1, 2011, Plaintiff protectively filed for DIB and SSI, alleging disability as of November 1, 2008, due to asthma, chronic obstructive pulmonary disorder ("COPD"), hypertension and depression. Administrative Transcript ("T.") 253-63. The claims were initially denied on October 21, 2011. T. 180-85. At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Nancy L. Pasiecznik on December 21, 2012, in Buffalo, New York. T. 5-86. ALJ Pasiecznik did not issue a decision before she became unable to do so. T. 14. Pursuant to HALLEX 1-2-8-40, ALJ Donald T. McDougall assumed the responsibility to issue a decision and held an additional hearing on October 10, 2014, in Buffalo, New York. T. 29-55. At the second hearing, Plaintiff appeared with her attorney and testified. An impartial vocational expert ("VE") also testified.

ALJ McDougall issued an unfavorable decision on November 28, 2014. T. 11-28. Plaintiff timely requested review of the ALJ's decision by the Appeals' Council. T. 7-10. The Appeals Council denied Plaintiff's request for review on November 17, 2015, making the ALJ's decision the final decision of the Commissioner. T. 1-4. This action followed.

**THE ALJ'S DECISION**

ALJ McDougall applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 404.1520(a).

At step one of the sequential evaluation, ALJ McDougall found that Plaintiff had not engaged in substantial gainful activity since November 1, 2008, the alleged onset date. T. 16. Although Plaintiff had worked on a part-time basis since the onset date, ALJ McDougall found this work activity did not rise to the level of substantial gainful activity. *Id.*

At step two, ALJ McDougall determined that Plaintiff had the following "severe" impairments: lumbar discogenic disorder and COPD. T. 17. ALJ McDougall also noted that Plaintiff is considered to be obese, though no diagnosis of obesity was made in the record. Additionally, no objective medical evidence suggests Plaintiff's weight contributes to her impairments, therefore ALJ McDougall found obesity was not a "severe" impairment. *Id*. Likewise, ALJ McDougall found that Plaintiff's medically determinable mental impairment of depressive disorder does not cause more than minimal limitation in Plaintiff's ability to perform basic mental work activities and therefore nonsevere. *Id.*

At step three, ALJ McDougall found that Plaintiff's impairments, including her lumbar discogenic disorder and COPD, do not singularly or in combination meet or medically equal the

3

severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. T. 18.

Before proceeding to step four, ALJ McDougall found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b), with the additional non-exertional limitations providing that she should not have exposure to extremes of heat or cold; and no exposure to extremes of fumes, gases, colognes, or other respiratory irritants, as well as the exertional limitations that she be able to change positions briefly, for one to two minutes at a time, at least every half-hour; she cannot use ladders, ropes, or scaffolds; she cannot work around heights or dangerous moving machinery; she can only occasionally balance, stoop, or crouch; she cannot kneel or crawl; and she can occasionally use stairs or ramps. T. 19. At step four, ALJ McDougall concluded that Plaintiff is capable of performing past relevant work as a seamstress/sewing machine operator. T. 22. ALJ McDougall accordingly found at step five that Plaintiff was not disabled as defined in the Act. T. 23.

## SCOPE OF REVIEW

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). The

4

district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## DISCUSSION

Plaintiff contends that remand is warranted for the following reasons: (1) the ALJ failed to rely on medical opinion when formulating the highly specific RFC determination, resulting in a finding not supported by substantial evidence; and (2) the ALJ failed to properly evaluate Plaintiff's subjective complaints of pain, resulting in a finding not supported by substantial evidence. For the reasons discussed below, the Court finds Plaintiff's

arguments without merit and affirms the Commissioner's final determination.

## I. Medical Support for RFC Determination

Plaintiff alleges ALJ McDougall erred by not citing specific medical opinions to support the sit/stand option included in the RFC. For the reasons set forth below, the Court finds this argument without merit.

In his decision, ALJ McDougall cited to the consultative examination of Plaintiff by Dr. Harbinder Toor performed on September 26, 2011. *See* T. 22 *referring to* T. 502-07. Dr. Toor reported Plaintiff had a normal gait, was able to squat at 50%, had diffculty walking heel-to-toe, had slight difficulty getting off the exam table due to back pain, and was able to rise from her chair without difficulty. T. 504. Plaintiff's chest and lungs were clear with normal diaphragmatic motion and clear auscultation. Her heart rhythm was regular, with no audible murmur, gallop, or rub. T. 505. Plaintiff's musculoskeletal exam showed no scoliosis, kyphosis, or abnormality in the thoracic spine. Her cervical spine showed full flexion, extension, lateral flexion bilaterally, and full rotary movement bilaterally. The lumbar spine exam showed forward felxion of 30 degrees, extension of 0 degrees, lateral flexion of 30 degrees bilaterally, and rotation of 30 degrees bilaterally. Straight leg raise was positive for both sitting and supine bilaterally at 20 degrees. Plaintiff had full range of

6

motion of her shoulders, elbows, forearms, and wrists bilaterally, as well as a full range of motion of her hips, knees, and ankles bilaterally. *Id.* In activities of daily living, Plaintiff reported she was smoking a pack of cigarettes per day, cooking three days per week, cleaning one day per week, doing laundry every two weeks, and shopping once a month. T. 504.

In his medical source statement, Dr. Toor opined Plaintiff had mild to moderate limitations for standing, walking, bending, and lifting, as well as mild limitations for sitting for a long time. He further opined that she should avoid irritants or other factors which can precipitate asthma. T. 506.

An ALJ assessing a disability claim is required to "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 Fed.Appx. 53, 56 (2d Cir. 2013). The ALJ's RFC finding need "not perfectly correspond with any of the opinions of medical sources." *Id.*; see also *Rosa v. Callahan*, 168 F.3d 72, 29 (2d Cir. 1999) ("the ALJ's RFC finding need not track any one medical opinion"); *Breinin v. Colvin*, No. 5:14-CV-01166(LEK TWD), 2015 WL 7749318, at *3 (N.D.N.Y. Oct. 15, 2015), report and recommendation adopted, 2015 WL 7738047 (N.D.N.Y. Dec. 1, 2015) ("It is the ALJ's job to determine a claimant's RFC, and not to simply agree with a physician's opinion."). Where an ALJ makes an RFC assessment that is more restrictive than the medical opinions of record, it is

7

generally not a basis for remand. See *Castle v. Colvin*, No. 1:15-CV-00113(MAT), 2017 WL 3939362, at *3 (W.D.N.Y. Sept. 8, 2017) ("the fact that the ALJ's RFC assessment did not perfectly match Dr. Balderman's opinion, and was in fact more restrictive than that opinion, is not grounds for remand"); *Savage v. Comm'r of Soc. Sec.*, No. 2:13-CV-85, 2014 WL 690250, at *7 (D. Vt. Feb. 24, 2014) (finding no harm to claimant where ALJ adopted an RFC determination that was more restrictive than medical source's opinion).

The Court finds the portion of the RFC that Plaintiff refers to as a sit/stand option ("[Plaintiff] must be able to change positions briefly, for one to two minutes at a time, at least every half-hour." (T. 19)) appropriately supported by Dr. Toor's opinion that Plaintiff has "mild to moderate limitations for standing, walking, bending, and lifting, as well as mild limitations for sitting for a long time". T. 506. ALJ McDougall assigned significant weight to Dr. Toor's conclusions, which he noted are remarkably similar to the more recent findings of Plaintiff's neurosurgical consultant, Dr. John Pollina, Jr. Dr. Pollina examined Plaintiff on September 22, 2014 for an initial neurosurgical consultation for her low back and bilateral leg pain. After examining Plaintiff and reviewing her MRI, Dr. Pollina concluded there was no basis for surgical intervention. T. 747-48. Furthermore, Dr. Pollina's examination was unremarkable, with the

exception of a positive straight leg raising test at 60 degrees results and some tenderness on palpation of the paraspinal muscles of the lumbar spine. Plaintiff had normal coordination, gait, and station, as well as no evidence of myelopathy, fasciculations, clonus, or edema. T. 748.

Moreover, the Court notes Plaintiff testified at the initial hearing in 2012 that she was unable to sit or stand for more than about 40 minutes at a time. T. 73. Later, at the 2014 hearing, Plaintiff testified she was unable to sit longer than 30 minutes at a time and she was only able to stand for 15 to 20 minutes at a time. T. 41-42. Plaintiff even requested to change positions during her testimony, from a sitting to standing position, due to her back pain. *See* T. 45. Plaintiff's own testimony therefore supports the ALJ's finding that she is required to change positions every 30 minutes. In light of this testimony and the medical evidence described above, Plaintiff's argument that the ALJ's inclusion of a sit/stand option in the RFC was reversible error lacks merit.

**II. Credibility Assessment**

Plaintiff also argues that ALJ McDougall failed to properly evaluate Plaintiff's subjective complaints of pain. Plaintiff claims ALJ McDougall rejected Plaintiff's subjective complaints based on mischaracterization of the record, his lay interpretation of bare medical findings, and complete disregard of medical evidence. The Court disagrees.

9

As a threshold matter, an ALJ is entitled to great deference when making credibility findings and can only be reversed if those findings are patently unreasonable. *Andrisani v. Colvin*, No. 1:16-CV-00196 (MAT), 2017 WL 2274239, at *3 (W.D.N.Y. May 24, 2017). "Because the ALJ has the benefit of directly observing a claimant's demeanor and other indicia of credibility, his decision to discredit subjective testimony is entitled to deference and may not be disturbed on review if his disability determination is supported by substantial evidence." *Hargrave v. Colvin*, No. 13-CV-6308(MAT), 2014 WL 3572427, at *5 (W.D.N.Y. July 21, 2014) (internal quotation omitted).

In his decision, ALJ McDougall found Plaintiff not fully credible, noting that at her October 2014 hearing she testified she had stopped smoking a year earlier, yet the medical record indicated she only stopped smoking in August 2014. T. 20 *referring to* T. 748. She also testified at the 2012 hearing she had quit smoking, suggesting she had been smoking for many years, despite alleging disability largely due to COPD. Also, the record does not support her allegations regarding the severity of her lung condition, including no significant difficulties in either 2013 or 2014. Her allegations as to the nature and extent of her back pain are also not supported by the diagnostic and clinical evidence in the record, which includes an October 2013 lumbar MRI scan showing

no impairments greater than those that would restrict her to light work. T. 20-21.

In assessing a claimant's credibility, an ALJ is instructed to consider whether her subjective claims of pain are "consistent with the medical and other objective evidence." *Wells v. Colvin*, 87 F. Supp. 3d 421, 431 (W.D.N.Y. 2015). "The ALJ's decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the [ALJ] gave to the individual's statements and the reasons for that weight." *Cichocki v. Astrue*, 534 Fed.Appx. 71, 76 (2d Cir. 2013) (internal quotation omitted). In his decision, ALJ McDougall met these requirements and adequately explained his reasoning in support of his finding that Plaintiff's statements were less than credible.

ALJ McDougall found Plaintiff's testimony regarding smoking to be inconsistent with the medical record, noting that though Plaintiff testified in October 2014 that she had not been smoking for a year, yet a month before the hearing she reported to Dr. Pollina that she had only stopped smoking as of August 2014. T. 748. Furthermore, at the December 2012 hearing, Plaintiff testified she had not been smoking for almost a year at that time. T. 84. These inconsistencies are clear in the record and were appropriately considered by the ALJ. *See Rivera v. Colvin*,

No. 1:14-CV-00816 MAT, 2015 WL 6142860, at *6 (W.D.N.Y. Oct. 19, 2015) (an ALJ is "entitled to consider plaintiff's own inconsistent statements . . . as undermining his overall credibility"). ALJ McDougall's determination that Plaintiff's statements regarding her smoking were not credible is supported by substantial evidence in the record. Accordingly, the Court finds no error here.

ALJ McDougall also found Plaintiff's subjective complaints regarding her COPD were not fully credible, noting that despite Plaintiff's reported limitations associated with the condition, the medical record contained no evidence of significant difficulties related to her lung condition in 2013 or 2014. He also noted that earlier examinations related to Plaintiff's COPD showed no more than bilateral diffuse rhonchi following Plaintiff's complaints of a three month history of fatigue, apnea, and productive cough in March 2011, and a March 2012 examination that showed her ears, nose, mouth and throat were normal and her lungs were clear to auscultation. T. 20-21. The Court finds ALJ McDougall adequately explained his rationale for finding Plaintiff's statements relating to the intensity and limitations associated with her COPD were not entirely credible.

Finally, ALJ McDougall's assessment of Plaintiff's credibility regarding her back pain is well-supported by the record. Although Plaintiff testified at the 2012 hearing that she had been dealing with back problems for a couple years (*See* T. 73), as ALJ

McDougall's decision points out, it wasn't until years after her 2008 alleged onset of disability that Plaintiff underwent any significant testing for her lower back. An MRI scan performed in October 2013 showed disc herniation at L5-S1, which was impressing and causing some posterior displacement of the right S1 nerve root. The scan also showed an annular tear at L4-5 and some bluging discs. However, when the referenced scan was reviewed by Dr. Pollina of University of Buffalo Neurosurgery in September 2014, he and his team concluded there was no basis for any surgical intervention and continued conservative treatment was recommended. T. 21. Such a conservative pattern of treatment is an appropriate factor to consider in assessing credibility. *See, e.g., Rivera v. Colvin*, No. 1:14-CV-00816 MAT, 2015 WL 6142860, at *6 (W.D.N.Y. Oct. 19, 2015) ("[T]he ALJ was entitled to consider evidence that [the claimant] pursued a conservative treatment as one factor in determining credibility[.]")(citation omitted); *Amoroso v. Colvin*, No. 13-CV-5115 SJF, 2015 WL 5794226, at *10 (E.D.N.Y. Sept. 30, 2015) (ALJ "properly considered [claimant's] daily activities ... and her 'conservative' treatment ... which both suggest that she is capable of performing sedentary work"). Accordingly, the Court finds no error with ALJ McDougall's assessment of Plaintiff's subjective complaints of back pain, which was supported by substantial evidence of the record.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 9) is denied and the Commissioner's motion for judgment on the pleadings (Docket No. 13) is granted. Plaintiff's complaint is dismissed in its entirety with prejudice. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   May 15, 2018
         Rochester, New York